1  Christine M. Rister, Esq. (CA SBN 225990)
2  LAW OFFICE OF CHRISTINE RISTER
3  3021 Ridge Road, A-102
   Rockwall, Texas 75032
4  Telephone: (469) 314-1700
   E-Mail: christine@risterlaw.com
5
6   Attorney for Moneytree, Inc.
7
8              **UNITED STATES DISTRICT COURT**
               **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  ALLEN PATTON, | Case No. 19-CV-919-GPC-AGS |
| 11          Plaintiff, | **MONEYTREE, INC.'S ANSWER TO** |
| 12 | **COMPLAINT** |
| 13      v. | |
| 14  MONEYTREE, INC. D/B/A | |
| 15  MONEYTREE FINANCIAL SERVICES, | |
| 16 | Complaint Filed:   May 16, 2019 |
| 17          Defendant. | Trial Date:        Not Set |

Defendant Moneytree, Inc. ("Moneytree") answers Plaintiff Allen Patton's ("Patton") Complaint as follows:

1. Moneytree denies that it violated the Telephone Consumer Protection Act ("TCPA") or the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

2. Moneytree admits the allegations of paragraph 2.

3. Moneytree admits the Court has subject matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Moneytree denies the remaining allegations of paragraph 3.

4. Moneytree admits the allegations of paragraph 4.

5. Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies each and every allegation contained therein.

6. Moneytree admits the allegations of paragraph 6.

7. Moneytree admits Patton obtained a payday loan from Moneytree. Moneytree denies the remaining allegations of paragraph 7.

8. Moneytree denies Patton made any payments on time. Moneytree admits that Patton owes Moneytree an outstanding balance on his loan. Moneytree denies that the outstanding balance is only $200.00. Moneytree is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8, and on that basis denies each and every allegation contained therein.

9. Moneytree admits the allegations of paragraph 9.

10. Moneytree denies it made collection calls to Patton in March 2019. Moneytree is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis denies each and every allegation contained therein.

11. Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies each and every allegation contained therein.

12.  Moneytree denies the allegations of paragraph 12.

13.  Moneytree denies the allegations of paragraph 13.

14.  Moneytree denies the allegations of paragraph 14.

15.  Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies each and every allegation contained therein.

16.  Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies each and every allegation contained therein.

17.  Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and on that basis denies each and every allegation contained therein.

18.  Moneytree admits that it uses pre-recorded voicemail messaging. Moneytree denies that it left a pre-recorded voicemail message in Plaintiff's voice mailbox every time that Plaintiff did not answer the phone.

19.  Moneytree denies the allegations of paragraph 19.

20.  Moneytree admits it uses an automated telephone dialing system. Moneytree denies the automated telephone dialing system it uses violates the law. Moneytree is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 20.

21.  Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on that basis denies each and every allegation contained therein.

22.  Moneytree denies the allegations of paragraph 22.

23.  Moneytree is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies each and every allegation contained therein.

24.  Moneytree denies the allegations of paragraph 24.

25. Moneytree restates and realleges its response to paragraphs 1 through 24 as though fully set forth herein.

26. Moneytree denies the allegations of paragraph 26.

27. Paragraph 27 is a statement of law, which does not require a response thereto from Moneytree.

28. Moneytree admits it uses an automated telephone dialing system. Moneytree denies the remaining allegations of paragraph 28.

29. Moneytree admits that a live agent communicates with the Moneytree customers. Moneytree denies the remaining allegations of paragraph 29.

30. Moneytree denies the allegations of paragraph 30.

31. Moneytree denies the allegations of paragraph 31.

32. Moneytree denies the allegations of paragraph 32.

33. Moneytree denies the allegations of paragraph 33.

34. Moneytree denies the allegations of paragraph 34.

35. Moneytree denies the allegations of paragraph 35, including the right to recover the requested relief listed after paragraph 35.

36. Moneytree restates and realleges its responses to paragraphs 1 through 35 as though fully set forth herein.

37. Paragraph 37 is a legal conclusion to which no response is required from Moneytree.

38. Paragraph 38 is a legal conclusion to which no response is required from Moneytree.

39. Paragraph 39 is a legal conclusion to which no response is required from Moneytree.

40. Paragraph 40 is a statement of law, which does not require a response thereto from Moneytree.

41. Moneytree denies the allegations of paragraph 41.

42. Moneytree denies the allegations of paragraph 42.

43. Paragraph 43 is a statement of law, which does not require a response thereto from Moneytree.

44. Moneytree denies the allegations of paragraph 44.

45. Moneytree denies the allegations of paragraph 45.

46. Moneytree denies the allegations of paragraph 46 including the right to recover the requested relief listed after paragraph 46.

## **AFFIRMATIVE DEFENSES**

Moneytree alleges of its own knowledge or on information and belief that Patton is barred or limited in any recovery against it, and Patton's claims are constrained, under one or more affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to state a cause of action against Moneytree.

### SECOND AFFIRMATIVE DEFENSE
(Patton's Violation of Rosenthal Act)

Patton intentionally violated the Rosenthal Act in an effort to evade repayment by applying for credit despite knowing there was no reasonable probability of Patton repaying the debt and/or without the intention of repaying the debt (Civil Code §1788.20).

### THIRD AFFIRMATIVE DEFENSE
(Civil Code § 1788.30)

Patton's claims are barred pursuant to one or more sections of California Civil Code section 1788.30.

## FOURTH AFFIRMATIVE DEFENSE

(Telephone Consumer Protection Act Inapplicable)

The Telephone Consumer Protection Act is inapplicable, and Patton's claims are barred, to the extent that Moneytree did not use a prohibited Automatic Telephone Dialing System to contact Patton.

## FIFTH AFFIRMATIVE DEFENSE

(Consent)

Patton consented to and approved the acts and events about which he now complains.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

Patton has engaged in conduct and activities sufficient to constitute a waiver of any claim or cause of action which he may otherwise have against Moneytree.

## SEVENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

To the extent any violation of law occurred, which Moneytree denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Moneytree of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE

(No Willful Conduct)

Moneytree acted in good faith at all times in its dealings with Patton, and if any conduct by Moneytree is found to be unlawful, which Moneytree expressly denies, such conduct was not willful and should not give rise to punitive liability.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

By virtue of Patton's unlawful, immoral, careless, negligent, and other wrongful conduct, Patton should be barred from recovering against Moneytree by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Patton is barred from any recovery sought in the Complaint, and each purported cause of action alleged therein, under the doctrine of unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

Patton has engaged in conduct and activities which estops him from asserting any claim or cause of action against Moneytree.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Patton has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Patton must be diminished or barred by reason thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Moneytree had or has no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Privilege)

The conduct of which Patton complains is privileged based on the creditor-debtor relationship between Patton and Moneytree.

Moneytree presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Moneytree reserves the right to assert additional affirmative defenses if discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

## **PRAYER**

WHEREFORE, Moneytree prays:

1. That Patton take nothing by virtue of his Complaint;

2. That the Complaint against Moneytree be dismissed with prejudice;

3. That the Court award Moneytree its costs of suit and reasonable attorneys' fees, as permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated:  June 12, 2019                    LAW OFFICE OF CHRISTINE RISTER

By:   /s/ Christine M. Rister, Esq.
Christine M. Rister, Esq.
Attorney for MONEYTREE, INC.