MARWAN R. DAHER
mdaher@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONEYREE, INC. D/B/A MONEYTREE FINANCIAL SERVICES,<br><br>Cross-Complaint Plaintiff,<br><br>v.<br><br>ALLEN PATTON,<br><br>Cross-Complaint Defendant. | Case No. 19-CV-919-GPC-AGS<br><br>**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO MONEYTREE, INC'S CROSSCLAIM** |

### PLAINTIFF'S ANSWER AND AFFIRMITIVE DEFENSES TO MONEYTREE, INC.'S CROSSCLAIM

**NOW COMES** Plaintiff and Counterclaim Defendant, Allen Patton ("Patton"), by and through his attorneys, Sulaiman Law Group, Ltd, in answer to the Counterclaim and Jury Demand filed by Moneytree Inc., D/B/A Moneytree Financial Services ("Moneytree"). As an initial matter, Patton reserves the right to supplement or amend his answer based on future investigation or discovery. Patton states as follows:

1. Moneytree, Inc. ("Moneytree") is a Washington corporation. Moneytree is, and at all relevant times hereto was, doing business in San Diego, California.

    **ANSWER:** Admit.

2. Upon information and belief, Cross-Defendant Allen Patton ("Patton") is, and at all relevant times hereto was, an individual residing in San Diego, California.

**ANSWER:** Admit

3. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. section 1367 as it is so related to the claims in the action that it forms part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Patton responds that Moneytree lacks subject matter jurisdiction as Defendant's crossclaim is at best, a permissive counterclaim over which this Court has no subject matter jurisdiction. If Defendant's counterclaim is not compulsory, it is permissive and thus must have an independent jurisdictional basis *See Employers Ins. V. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985), and if there is no such independent jurisdictional basis, courts will exclude the counterclaim from the case. Patton denies that Moneytree has subject matter jurisdiction to bring this crossclaim.

4. Venue is proper in this Court pursuant to 28 U.S.C. section 1391 as Cross-Defendant not only resides within the judicial district, but also a substantial part of the events giving rise to the claim occurred within the judicial district.

**ANSWER:** Patton responds that Moneytree has brought this suit in the wrong venue. Since Moneytree does not posess subject matter jurisdiction, Patton denies that Venue is proper.

5. On or about December 26, 2018, Patton entered into a written loan agreement with Moneytree wherein Patton sought to borrow, and Moneytree agreed to lend, $200.00 ("Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

**ANSWER:** Patton responds that the document attached as Exhibit A speaks for itself. Patton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies those allegations.

6. Pursuant to the terms of the Loan Agreement, Patton agreed to make one payment in the amount of $235.29 on January 23, 2019.

**ANSWER:** Patton responds that the document attached as Exhibit A speaks for itself. Patton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies those allegations.

7. In breach of the Loan Agreement, on January 23, 2019, Patton informed Moneytree that he would not be making the payment.

**ANSWER:** Patton lacks sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. Moneytree has performed all conditions and covenants it was obligated to perform under the Loan Agreement or was excused from performance.

**ANSWER:** Patton lacks sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. Patton has and continues to fail to pay the amount due pursuant to the terms of the Loan Agreement. As a result, Moneytree has been damaged in the amount of $235.29 plus fees.

**ANSWER:** Patton lacks sufficient knowledge to admit or deny the allegations in Paragraph 9.

## **PATTON'S AFFIRMATIVE DEFENSES**

By asserting the defenses set forth below, Patton does not allege or admit that he has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does he admit that Moneytree is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled. As for its affirmative defenses, Patton reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 9 of the Crossclaim, and to the unnumbered paragraphs contained therein.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

The Crossclaim herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Patton and further fails to state facts sufficient to entitle Moneytree to the relief sought, or to any other relief whatsoever from Patton.

**SECOND AFFIRMATIVE DEFENSE**
**(PREVENTION OF PERFORMANCE/FRUSTRATION OF PURPOSE)**

All claims against Patton are barred because Moneytree prevented Patton from performing under the contract, in that Moneytree refused to accept payment by Patton, excusing Patton from performing his duties under the contract.

**THIRD AFFIRMATIVE DEFENSE**
**(NO BREACH BY PATTON)**

Patton asserts that he performed all duties owed under the Contract other than the duties which were prevented or excused, and therefore never breached the agreement.

**FOURTH AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Moneytree has failed to take reasonable steps to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**
**(ESTOPPEL)**

Any damages which Moneytree may have suffered, which Patton continues to deny, were the direct and proximate result of the conduct of Moneytree. Therefore, Moneytree is estopped and barred from recovery of any damages.

**SIXTH AFFIRMATIVE DEFENSE**
**(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

Patton reserves the right to assert additional, different, or modified affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure. Patton hereby demands a jury trial on all issues so triable.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Moneytree's Crossclaim, Patton prays that:

(1) Moneytree's crossclaim be dismissed in its entirety and with prejudice, with all costs and attorney's fees taxed against Moneytree;

(2) Patton be dismissed as a party to this action; and

(3) Patton recover such other and additional relief as the Court deems just and appropriate.

Dated: July 3, 2019                                                                 Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on July 3, 2019, he caused a copy of the foregoing, **PATTON'S ANSWER AND AFFIRMITIVE DEFENSES TO MONEYTREE'S CROSSCLAIM,** to be served electronically via CM/ECF system on:

**Christine M. Rister, Esq.** (CA SBN 225990)
Law Office Of Christine Rister
Rockwall ,Texas 75032
Telephone: (469) 314-1700
E-Mail: christine@risterlaw.com

Respectfully submitted,

s/ Marwan R. Daher
Counsel for Patton