Christine M. Rister, Esq. (CA SBN 225990)
LAW OFFICE OF CHRISTINE RISTER
3021 Ridge Road, A-102
Rockwall, Texas 75032
Telephone: (469) 314-1700
E-Mail: christine@risterlaw.com

Attorney for Moneytree, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN PATTON,<br><br>        Plaintiff,<br><br>   v.<br><br>MONEYTREE, INC. D/B/A MONEYTREE FINANCIAL SERVICES,<br><br>        Defendant.<br><br>AND RELATED CROSS-ACTION. | Case No. 19-CV-919-GPC-AGS<br><br>MONEYTREE, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO APPEAR BY TELEPHONE AND/OR A CONTINUANCE; DECLARATION OF CHRISTINE M. RISTER IN SUPPORT THEREOF<br><br><br>Complaint Filed:   May 16, 2019<br>Trial Date:        Not Set |

MONEYTREE, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO APPEAR BY TELEPHONE AND/OR A CONTINUANCE; DECLARATION IN SUPPORT THEREOF        Case No. 19-CV-919

Plaintiff Allen Patton's Ex Parte Motion for Telephonic Appearance of Plaintiff's Counsel and Continuance of ENE Conference should be denied as good cause has not been shown to grant such relief.

## PROCEDURAL HISTORY

On June 18, 2019, the Court issued its Notice and Order: (1) For Early Neutral Evaluation and (2) Setting Rule 26 Compliance and Case Management Conference. The ENE was set for September 3, 2019 at 9:00 a.m. [Dkt. No. 9.] Paragraph 3 of the Order makes clear that the appearance by parties and their counsel was mandatory.

On August 20, 2019, counsel for Plaintiff inquired whether Moneytree would stipulate to both attorneys and clients appearing telephonically at the ENE. Counsel for Moneytree declined the requested stipulation on the grounds that the Court does not permit telephonic appearances unless good cause is shown, and that Moneytree and its counsel have already made arrangements to appear in person.

On August 21, 2019, the parties filed their Joint Discovery Plan. [Dkt. No. 12.] In the Joint Discovery Plan, the parties jointly agreed to all of the dates set forth in the Order except the date related to the Mandatory Settlement Conference. The agreed-upon dates included the date set for the ENE.

On August 26, 2019, over two months after the Order was issued, Plaintiff filed his Ex Parte request to appear telephonically and/or to continue the ENE.

## OPPOSITION

Plaintiff fails to establish good cause as to why counsel should be authorized to appear telephonically and/or the ENE should be continued. Plaintiff's Ex Parte request should be denied based on the following:

1. Plaintiff was served with the Order on June 18, 2019, yet waited over two months, and a week before the scheduled hearing to request relief by way of appearance by telephone and/or a continuance.

1

MONEYTREE, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO APPEAR BY TELEPHONE AND/OR A CONTINUANCE; DECLARATION IN SUPPORT THEREOF

Case No. 19-CV-919

2. Per the Joint Discovery Plan, both parties agreed to all of the dates set forth in the Court's June 18 Order, including the ENE.

3. Plaintiff has counsel of record located in Los Angeles, California who can appear on his behalf and will not incur the same costs as his out of state counsel.

4. Plaintiff lives in San Diego, California. Plaintiff invoked this Court's jurisdiction by commencing his lawsuit in the United States District Court, Southern District of California, yet he elected to retain a lawyer located out of state. Plaintiff cannot use the fact that he is a consumer and he has out of stated counsel to now seek relief based on his own choices.

5. Defendant is located in Washington State and the company representative that has been compelled by the Court's Order to attend in person has already made travel arrangements to appear in-person on September 3, 2019. Defendant's counsel also is out of state and has already made the necessary travel arrangements to appear in person.

## CONCLUSION

Based on the foregoing, Plaintiff's ex parte request should be denied and the ENE that is currently set for September 3, 2019 at 9:00 a.m. should go forward as scheduled with all parties and their counsel of record appearing in person.

Dated: August 26, 2019            LAW OFFICE OF CHRISTINE RISTER

                                  By:   /s/ Christine M. Rister, Esq.
                                        Christine M. Rister, Esq.
                                  Attorney for MONEYTREE, INC.

2
MONEYTREE, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO APPEAR BY TELEPHONE AND/OR A CONTINUANCE; DECLARATION IN SUPPORT THEREOF                                   Case No. 19-CV-919

## DECLARATION OF CHRISTINE M. RISTER

I, Christine M. Rister, declare as follows:

1. I am an attorney licensed to practice before this Court. I am attorney of record for Moneytree, Inc. in this matter. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to those facts if called as a witness.

2. On August 20, 2019, counsel for Plaintiff inquired whether Moneytree would stipulate to both attorneys and clients appearing telephonically at the ENE. I declined the requested stipulation on the grounds that the Court generally does not permit telephonic appearances except in exceptional circumstances and unless good cause is shown, and that Moneytree and its counsel have already made arrangements to appear in person.

3. Moneytree, Inc. is located in Washington State and the company representative Ruth Johnson, has already made travel arrangements to appear in-person on September 3, 2019. I also reside out of state and have already made the necessary travel arrangements to appear in person.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2019, at Rockwall, Texas.

       /s/ Christine M. Rister
      Christine M. Rister